# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANE BABBIN AND<br>LAURA LEBLANC,<br>Plaintiffs,<br><br>V.<br><br>CBE GROUP, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
### (Jury Trial Demanded)

1. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiffs are residents within this District and Defendant engaged the violations alleged herein against Plaintiffs while Plaintiffs so resided.

## PARTIES

3. Plaintiff, Diane Babbin, (hereinafter "Babbin" or "Plaintiff"), is a natural person residing at 11 Rantool Avenue, Lynn, Massachusetts.

4. Plaintiff, Laura LeBlanc, (hereinafter "LeBlanc" or "Plaintiff"), is a natural person residing at 11 Rantool Avenue, Lynn, Massachusetts.

5. Defendant, CBE Group, Inc., (hereinafter "Defendant") is a corporation, incorporated in the State of Iowa, with a principle place of business at 1209 Technology Parkway, Cedar Falls, Iowa 50613. The Defendant has a registered agent in the Commonwealth of Massachusetts located at Corporation Service Company, 84 State St., Boston, MA 02109.

6. Defendant regularly operates as a third-party debt collector and is a "debt collector" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Matthew LeBlanc, son of Laura LeBlanc and brother of Diane Babbin, was the owner of a motorcycle, which was repossessed, presumably by agents of the Defendant or its predecessor-in-interest.

8. Neither Plaintiff herein was obligated on the underlying debt related to the motorcycle. The sole obligor was Matthew LeBlanc.

9. In May of 2015, the Defendant began contacting the Plaintiffs regarding the debt related to the motorcycle repossession.

10. The Plaintiffs informed the Defendant that Matthew LeBlanc did not reside with either of the Plaintiffs and that neither of the Plaintiffs was responsible for the debt in question.

11. In May 18, 2015, representatives from the Defendant arrived at the residence of the Plaintiff Laura LeBlanc requesting to inspect the premises for the presence of the motorcycle.

12. Plaintiff Laura LeBlanc once again informed representatives of the Defendant that Matthew did not reside with her, that the motorcycle was not on her premises and that the motorcycle had previously been repossessed.

13. Despite being informed by the Plaintiffs that neither of them were responsible for the debt related to the motorcycle, and despite being informed by the Plaintiffs that Matthew LeBlanc does not reside with them, agents for the Defendant continued to contact the Plaintiffs in an attempt to collect the debt in question.

### CAUSES OF ACTION
### COUNT I
### 15 U.S.C. 1692c(b)

14. Plaintiffs re-allege paragraphs 1 through 13 and by this reference incorporate the same as though fully set forth herein.

15. Plaintiffs believe and herein allege that Defendant violated 15 U.S.C. 1692c(b) by continuing to communicate with each Plaintiff, who is not the obligor for the debt, for which the Defendant seeks to collect.

16. Agents of the Defendant contacted both Plaintiffs regarding the debt owed by Matthew LeBlanc and informed each of them of the nature of the debt about which they were calling.

17. Despite being informed that the actual obligor on the debt in question did not reside at the home of either Plaintiff, the Defendants continued to contact both Plaintiffs.

18. The Plaintiffs are entitled to obtain from the Defendant statutory damages, including reasonable attorney's fees, as well as actual damages. See 15 U.S.C. § 1692k(a).

## COUNT II
## 15 U.S.C. 1692d(5)
## As to Laura LeBlanc

19. Plaintiff re-alleges paragraphs 1 through 18 and by this reference incorporates the same as though fully set forth herein.

20. Plaintiff believes and herein alleges that Defendant violated 15 U.S.C. 1692d by communicating with the Plaintiff in an abusive manner.

21. Despite several attempts by Plaintiff to inform the Defendant that the obligor of the debt, Matthew LeBlanc, did not reside with her, the Defendant insisted

upon dispatching its agents to the home of the Plaintiff requesting that they be given access to the premises so that said agents could obtain the location of the motorcycle.

22. The Plaintiff asserts that these actions by the agents of the Defendant were to intimidate and harass the Plaintiff, as the Defendant was aware that the motorcycle had already been repossessed and was no longer on the premises, and that Matthew LeBlanc did not reside on the premises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2), per Plaintiff;
2.) For $3,800.00 in legal costs incurred in responding to unlawful collection activity.
3.) For actual damages incurred by the Plaintiffs in an amount to be proven at the time of trial;
4.) For prejudgment interest in an amount to be proven at time of trial;
5.) For the costs of this lawsuit; and
6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Date: 12/22/2015

Respectfully submitted,
The Plaintiffs
Laura LeBanc and Diane Babbin
By and through counsel,

/s/ Paul A. Petrillo
Paul A Petrillo, Esq.
202 Main St., Suite 102
Salem, NH 03079
(603) 894-4120
BBO655406